IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK KRAMLICH,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY ELEMENTARY SCHOOL DISTRICT #2,<br><br>Defendant. | Cause No. CV 18-167-BLG-SPW-TJC<br><br>ORDER and<br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

## I. Background

On November 21, 2018, Plaintiff Kramlich filed this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* Compl. (Doc. 2) at 1 ("Received" stamp); *id*. at 3 ¶ II.

Kramlich named Billings Public Schools as the Defendant. The proper name is Yellowstone County Elementary School District #2. *See* Br. in Supp. of Mot. to Dismiss (Doc. 7) at 1. To clarify the record, the proper name will be substituted for "Billings Public Schools."

On July 19, 2019, the Defendant School District ("the School District") moved to dismiss the complaint for failure to state a claim on the grounds that it was untimely filed (Docs. 6, 7). Kramlich filed a brief in response (Doc. 10) along

1

with a motion to extend his time to file his complaint (Doc. 9). The School District replied in support of its motion to dismiss (Doc. 11) and also responded to Kramlich's motion (Doc. 12).

The Court notes that Kramlich is self-represented and is proceeding in forma pauperis. *See* Order (Doc. 4). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added); *see also Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

## II. The Complaint

Kramlich alleges:

> I wrote a play in 2014. This play was accused of being about lesbians. It was not. I was told I had created controversy by making parents think about gays. Afterwards my evaluations became negative. My first write up was in May 2017 after being harassed [illegible "and"?] Then I was terminated first reason listed is I forced a student to play a lesbian against her will. This never happened.

Compl. (Doc. 2) at 4–5 ¶ III(E).

Kramlich asserts that he filed a charge with the Equal Employment

Opportunity Commission ("EEOC") in August 2017. *See* Compl. at 5 ¶ IV(A). He attached to his complaint a copy of a "Dismissal and Notice of Rights" issued by the EEOC, commonly called a "notice of right to sue" or "right-to-sue letter." The document was mailed on August 10, 2018. *See* Compl. Ex. (Doc. 2-2) at 1. The notice states, in part:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** [blot] your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Compl. Ex. (Doc. 2-2) at 1 (bold text and capitalization in original).[1]

### III.  Motion to Dismiss

The School District moves to dismiss the complaint for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

**A.  Governing Legal Standard**

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li*, 710 F.3d at 999 (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint may fail to state a claim because it contains a "built in" defense. *See, e.g.*, *United States v. Rogers Cartage Co.*, 794 F.3d 854, 860–61 (7th Cir. 2015); *Jardin de las*

---

[1]  The blot does not obscure anything to any meaningful extent.

*Catalinas Ltd. P'ship v. Joyner*, 766 F.3d 127, 132 (1st Cir. 2014).  The School District suggests this is the case with respect to the 90-day period Kramlich had to file his lawsuit after he received the EEOC's right-to-sue letter.

### B.  Extrinsic Materials

The School District attached several exhibits to its brief in support of dismissal, evidently to substantiate its recitation of the history of the parties' dispute.  In his brief responding to the motion to dismiss, Kramlich disputes these documents' representation of the prior proceedings and the integrity of the proceedings.  He attaches to his brief exhibits related to that portion of his argument.

A district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court has not considered the exhibits either party attached to its briefs.

The Court will, however, consider Kramlich's affidavit (Doc. 9-1), which was submitted in support of his motion for extension of time to file (Doc. 9).  The affidavit substantiates the statements in Kramlich's brief (Doc. 10).  Facts set out in briefs may be considered under Rule 12(b)(6), provided they are consistent with the pleadings.  *See, e.g.*, *Phillips v. Prudential Ins. Co.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

In full, the affidavit states:

I, Mark Kramlich, swear (or affirm) under oath that I attempted to file prior to the deadline of November 12th. I was barred entry from the building [due] to an expired identification. In trying to rectify this situation I ran into other problems such as my birth certificate not being accepted [due] to wear and tear and my father name not entirely legible. As a result the Montana motor vehicle division would not accept it. I was required to request a new copy of my birth certificate, which I did. All this took time away from being allowed to timely file. When I obtained the new copy of my birth certificate, I obtained identification and filed my claim. Had I not been barred from the building, this [lawsuit] would have been filed in time.

Kramlich Aff. (Doc. 9-1) at 1.

### C. Parties' Arguments

The School District argues that Kramlich knew he must file a lawsuit within 90 days of his receipt of the EEOC's right-to-sue letter. *See* Compl. Ex. (Doc. 2-2) at 1. It contends that, "[a]llowing for three days' mailing and the statutorily allotted ninety days," Kramlich should have filed his complaint on or before November 12, 2018. Br. in Supp. (Doc. 7) at 3. Kramlich did not file until November 21, 2018.

In response, Kramlich states "that per his recollection he was within the time frame that was post marked on the envelope, which was dated sometime after the date listed on the letter itself." Resp. (Doc. 10) at 2 ¶ 3. He also states that he "attempted to submit his complaint weeks before" the deadline but was unable to do so as his Montana identification card had expired and he was not admitted to the

5

federal courthouse. He states, "[S]till within the 90 days postmarked, as he recalls, he obtained his identification and with speed filed his claim." *Id.*; *see also id.* at 4.

### D. Analysis

#### 1. Did Kramlich File on Time?

A 90-day limitations period applies to Kramlich's Title VII lawsuit. The period begins to run on the date the plaintiff receives the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007).

To determine whether a complaint is timely filed, the Ninth Circuit employs two rebuttable presumptions: first, that the EEOC's right-to-sue letter was mailed on the same day it was issued, *see Payan*, 495 F.3d at 1123–24, and second, that the plaintiff received the notice three days after that, *id.* at 1125.

Like Payan, Kramlich "does not dispute having received the [notice of right to sue], but does not claim to know when the letter arrived at [his] address of record." *Payan*, 495 F.3d at 1122. Instead, he asserts that he filed "within the 90 days *postmarked*." Resp. (Doc. 10) at 2 ¶ 3 (emphasis added). The right-to-sue letter advised Kramlich to pay attention to the date he received the letter, not the postmark. Nonetheless, Kramlich asserts he remembers the postmark indicated the right-to-sue letter was not mailed on the "Date Mailed," *see* Compl. Ex. (Doc. 2-2) at 1, but on an unspecified date after that.

6

Since August 10 was a Friday, it might be reasonable to suppose the EEOC put its notice in the mail on August 10 but the postal service did not pick up the EEOC's mail until the following Monday, the 13th. In that case, Kramlich presumably received the notice on August 16, 2018, and had to file his lawsuit on or before November 14, 2018. Thus, Kramlich's implicit premise is that the EEOC's notice was not postmarked until August 20, 2018, 10 days after the notice represents it was mailed. This unsupported hypothesis fails to rebut the first *Payan* presumption that the EEOC's notice was mailed on the same day or even, stretching the point in Kramlich's favor, on the next business day after it was issued.

Kramlich does not claim he received the notice more than three days after the postmarked date.

In the last sentence of his affidavit, Kramlich asserts he would have filed on time but for the fact that he was unable to enter the federal courthouse. Kramlich Aff. (Doc. 9-1) at 1. This statement concedes that he did not file on time.

The Court finds that Kramlich did not file his complaint within 90 days of his receipt of the right-to-sue letter.

### 2. Is Kramlich Entitled to Equitable Tolling?

The averments in Kramlich's affidavit should be considered to determine whether they support equitable tolling of the 90-day limitations period. *See, e.g.*,

*United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011) (referring to "our practice of liberally construing *pro se* litigants' filings as the appropriate motion or notice necessary for them to pursue their legal claims").

Equitable tolling is available to a plaintiff who fails to file a Title VII lawsuit within 90 days of receipt of a right-to-sue letter. *See, e.g.*, *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

> To obtain equitable tolling a litigant must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The first element requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances and asks whether the plaintiff was without any fault in pursuing his claim. The second element requires the litigant to show that extraordinary circumstances were the cause of his untimeliness . . . .

*Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (internal citations, quotation marks, and ellipsis omitted).

Kramlich did not pursue his rights diligently, and obtaining a new identification card did not cause him to miss the filing deadline. Under his circumstances, the effort a reasonable person might be expected to deliver certainly extends to mailing his complaint and motion to proceed in forma pauperis to the clerk. *See* D. Mont. L.R. 3.1(a)(1), (2), (d)(1) (Feb. 1, 2019).

Kramlich is not entitled to equitable tolling.

### 3. May the Court Extend the Limitations Period?

Finally, Kramlich moves the Court to extend his time to file (Doc. 9). In his

8

motion, he seeks to excuse his untimely filing based on what he perceives to be the merits of his case, *see* Resp. Br. at 2–5, but limitations periods apply to meritorious and nonmeritorious claims alike. "[T]he general purpose of statutes of limitations [is] to protect defendants against stale or unduly delayed claims." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008).

Kramlich also asks the Court to consider excusable neglect, *see* Mot. for Extension (Doc. 9) at 1, citing Federal Rule of Civil Procedure 60(b),[2] *see* Resp. Br. at 4–5. The case he cites, however, defines excusable neglect as "conduct that might have been the act of a reasonably prudent person under the same circumstances." *Rutan v. Miller*, 570 N.W.2d 54 (Wis. Ct. App. 1997) (internal citation and quotation marks omitted), *cited in* Rep. Br. at 4. As explained above, Kramlich's failure to mail his complaint was not the conduct of a reasonably prudent person.

More fundamentally, Congress set the 90-day limitations period. *See* 42 U.S.C. § 2000e-5(f)(1). Courts decide how limitations periods apply, but they do not set them. Equitable tolling, for instance, does not extend the time to file. It

---

[2] Rule 60(b) applies to motions to a court to set aside its own judgment. It does not authorize a court to overturn another court's or agency's judgment or order. The Court understands Kramlich to argue that the concept of excusable neglect, as recognized by Rule 60, should extend to his case.

means that time stops running against the plaintiff under certain conditions, then recommences running when those conditions change. *See, e.g.*, *Ramirez v. Yates*, 571 F.3d 993, 997–98 (9th Cir. 2008). The Court is not aware of any authority that would allow it to change a limitations period set by Congress.

Kramlich's motion for an extension of time to file should be denied.

### E. Conclusion

Kramlich did not file his complaint within the 90-day limitations period, and he is not entitled to equitable tolling of the limitations period. Relief may not be granted on his claim because it was not filed on time. The School District's motion to dismiss should be granted and the complaint dismissed with prejudice.

### IV. Fee Status

Generally, a plaintiff given leave to proceed in forma pauperis in the district court "may proceed on appeal without prepaying or giving security for fees and costs." Fed. R. App. P. 24(a)(3). Here, however, there are no factual or legal disputes of any substance. Kramlich simply missed the deadline for filing his claim. An appeal would not be taken in good faith, and the district court should so certify. *See* Fed. R. App. P. 24(a)(3)(A).

Based on the foregoing, the Court enters the following:

### ORDER

The caption of the case is AMENDED and the clerk shall substitute

10

"Yellowstone County Elementary School District #2" for "Billings Public Schools" to reflect the proper name of the Defendant.

The Court also enters the following:

## RECOMMENDATION

1. Defendant School District's motion to dismiss (Doc. 6) should be GRANTED.

2. Plaintiff Kramlich's motion for extension of time to file (Doc. 9) should be DENIED.

3. The complaint should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted because it is untimely.

4. The clerk should be directed to enter, by separate document, a judgment in favor of Defendant and against Plaintiff.

5. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14

days. *See* 28 U.S.C. § 636(b)(1).[3] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Kramlich must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 4th day of December, 2019.

                                */s/ Timothy J. Cavan*
                                Timothy J. Cavan
                                United States Magistrate Judge

---

[3] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.